IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE CHAMPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-379-MJR |
| | ) |
| MARVIN POWERS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Joe Champs, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Champs initiated this action in state court, but it was subsequently removed to federal court. Several defendants have already entered an appearance, and several motions are now pending.

### MOTION TO DISMISS DEFENDANTS

In this motion (Doc. 12), Champs seeks to dismiss his claims against Defendants Moore, Benton and Bartley. Withdrawal of his claims is his right, *see* FED.R.CIV.P. 41(a)(1)(i), and this motion is **GRANTED**. It follows that the motion to stay (Doc. 14) filed by Moore and Benton is now **MOOT**.

### MOTION FOR DEFAULT JUDGMENT

Champs seeks entry of default judgment against Defendant Terry Caliper, who has not yet entered an appearance in this action. However, nothing in the record indicates that service has been effected upon Caliper, and the Court has not yet directed her to file a response to the first amended

complaint. Thus, this motion (Doc. 22) is **DENIED**.

## THE COMPLAINT

In this action, Champs states that he injured his knee, requiring medical treatment. He alleges that Defendants Powers and Caliper has consistently denied his requests for medical treatment. Thus, he must endure persistent pain and suffering.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Applying these standards to the allegations in the first amended complaint (Doc. 8), the Court is unable to dismiss Champs's claims against Powers or Caliper at this time. *See* 28 U.S.C. § 1915A.

## MOTION FOR SERVICE

Champs asks the Court to appoint the US Marshal to effect service upon Defendant Caliper. This motion (Doc. 26) is **GRANTED**. However, because Champs has not sought or been granted leave to proceed *in forma pauperis* in this action, Champs shall bear the full cost of service upon

Caliper.

## DISPOSITION

**IT IS HEREBY ORDERED** that defendants **BARTLEY, BENTON** and **MOORE** are **DISMISSED** from this action with prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **CALIPER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **CALIPER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the first amended complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for

waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 18th day of December, 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**