IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOE CHAMPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09-CV-0379-MJR-CJP |
| DR. MARVIN POWERS and TERRY ) | |
| CALIPER, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiff Joe Champs' Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 17), to which Defendant Dr. Marvin Powers responded (Doc. 19) and to which Champs replied (Doc. 24) along with a memorandum in support and exhibits (Doc. 25).

This case is brought pursuant to 42 U.S.C. § 1983. Champs is an inmate at Tamms Correctional Center. He alleges that he injured his knee before he was assigned to Tamms and that defendants have been deliberately indifferent to his serious medical needs in that they have failed to order surgery and physical therapy. Powers is the Medical Director at Tamms. Defendant Terry Caliper was allegedly the Health Care Unit Administrator at the relevant time, but he has neither appeared nor been served yet.

According to Champs, he injured his right knee while he was an inmate at Stateville Correctional Center. (Mem. in Supp.) An MRI was performed at the University of Illinois Medical Center on July 14, 2005, which showed a tear of the ACL, a meniscal tear, chondromalacia, bursitis, effusion and a Baker's cyst. (*Id.* Ex. A.) Champs was then treated with physical therapy at Stateville. He alleges that his physical therapist recommended that he have surgery on his knee. At some point thereafter, he was transferred to Tamms. Champs alleges that, since 2008, he has been requesting

knee surgery and physical therapy. He has included in his memorandum for the motion a copy of medical records from Tamms Correctional Center. (Mem. in Supp. Ex. D.) A doctor's note dated July 6, 2009, states that plaintiff had no swelling and no crepitus in his knee, and had a good range of motion and a good gait. He was prescribed Motrin for pain.

Champs asks the Court to enter a temporary restraining order, a preliminary injunction or both requiring the defendants to provide him a medically appropriate course of treatment, including surgery and physical therapy. Powers takes the position that Champs has not demonstrated that he is entitled to injunctive relief in that Champs has not demonstrated that his constitutional rights have been violated. Powers points out that plaintiff injured his knee a number of years ago and that no one other than a physical therapist has evidently opined that he needs knee surgery.

1.      Temporary Restraining Order

A temporary restraining order (TRO) is an order issued without notice to the party to be enjoined and which can last no more than fourteen days. Fed. R. Civ. P. 65(b). A TRO may issue without notice only if: "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." R. 65(b)(1)(A). In addition, the Rule requires that the movant or his attorney certify in writing "any efforts made to give notice and the reasons why it should not be required." R. 65(b)(1)(B). However, Champs provided notice to the adverse parties of his seeking injunctive relief and those adverse parties have responded. A TRO is, accordingly, not appropriate.

2.      Preliminary Injunction

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Allen Wright et al., *Federal Practice and Procedure* § 2948, at 129–30 (2d ed. 1995)).

A party seeking a preliminary injunction must demonstrate: (1) no adequate remedy at law exists; (2) he will suffer irreparable harm if the injunction is not granted; (3) he has a reasonable likelihood of success on the merits of the underlying claim; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted and (5) the injunction will not harm the public interest. *Kiel v. City of Kenosha*, 236 F.3d 814, 815–16 (7th Cir.2000).

Champs has not demonstrated that he is entitled to injunctive relief. He has not demonstrated a reasonable likelihood of success on the merits. The underlying claim is for violation of his Eighth Amendment rights by defendants' deliberate indifference to his serious medical needs. In order to prevail, he must satisfy both the objective and the subjective prongs of the two-part test enunciated in *Farmer v. Brennan*. *See* 511 U.S. 825, 847 (1994) ("[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.."). On the current record, Champs has not established that his constitutional rights have been violated by either defendant. There is no evidence that either defendant was aware of a serious medical need, but acted with deliberate indifference. At most, his exhibits indicate that he injured his knee some years ago, that he received physical therapy, and that a physical therapist opined that he needed surgery. However, his exhibits also indicate that a doctor examined his knee in 2009, with essentially negative findings, and prescribed Motrin for his complaints of pain. At best, this suggests that there may be some difference of opinion regarding the appropriate course of treatment, which does not establish a violation of the Eighth Amendment. Champs has no right to a particular course of treatment of his choosing. *Meriweather v. Faulkner*, 821 F.2d 408, 413 (7th Cir. 1987). Further, malpractice does not violate an inmate's constitutional rights. *Walker v. Peters*, 233 F.3d 494, 499 (7th Cir. 2000).

In addition, the Court must consider the impact of the restrictions on preliminary injunctive relief imposed by the Prison Litigation Reform Act of 1995:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2) (2006). An order requiring that plaintiff be furnished specific medical treatment would violate this section.

Champs' Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 17) is, accordingly, **DENIED**.

**IT IS SO ORDERED.**

DATED March 9, 2010.

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**

4